Filed 8/17/15  P. v. Lynall CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE LYNALL,<br><br>  Defendant and Appellant. | H041737<br>(Santa Cruz County<br>Super. Ct. No. F27697) |

Defendant David Lee Lynall was convicted by plea of one count of possession of methamphetamine (Health & Saf. Code, § 11377).  (Unless otherwise stated, all further statutory references are to the Health and Safety Code.)  The offense was originally charged as a felony.  One month after the complaint was filed, the voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47), which made certain drug- and theft-related offenses—including violations of section 11377—misdemeanors, unless the offenses were committed by certain ineligible defendants.  Two days after the election, the parties entered into a negotiated disposition of defendant's case.  Pursuant to their agreement, defendant's offense was reduced to a

misdemeanor and defendant pleaded guilty to one count of violating section 11377. In exchange for defendant's plea, two other misdemeanor offenses and an enhancement allegation that were charged in the complaint were dismissed. The court suspended imposition of sentence and imposed a 24-month conditional sentence that required defendant to complete a Proposition 36 drug treatment program.

We appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which stated the case and the facts, but raised no specific issues on appeal. We notified defendant of his right to submit written argument on his own behalf within 30 days. The 30 days have elapsed, and we have received no written argument from defendant. We will conclude there is no arguable issue on appeal and we will affirm the judgment.

## FACTS

Our statement of the facts is based on evidence presented at the preliminary hearing. In September 2014, Santa Cruz County Sheriff Deputy Stephen Ragusano received a complaint from a motorcycle shop that several people were camping illegally in the wooded ravine behind the shop and "leaving feces in that area." Deputy Ragusano met with the reporting party, who showed him an area adjacent to the shop's parking lot where the campers were located. According to Deputy Ragusano, it was not a public camp ground and no one was allowed to camp there. The reporting party asked Deputy Ragusano to patrol the area and to ask the campers to "move along."

On October 1, 2014, at night, Deputy Ragusano chased a suspect in a "strong-armed robbery" into the wooded area behind the motorcycle shop and lost contact with him. On October 5, 2014, Deputy Ragusano and two other deputies patrolled the wooded area. Deputy Ragusano saw three tents in a clearing in the ravine. The deputies announced their presence and asked the campers to come out of their tents. Defendant emerged from one of the tents. Deputy Ragusano testified that defendant resembled the

2

robbery suspect he had chased into the ravine a few days earlier. Deputy Ragusano asked defendant for his name and date of birth, which defendant provided. Deputy Ragusano then asked his dispatcher to run a status check to determine whether defendant had any warrants. The dispatcher reported that defendant was a "parolee at large," which means defendant had absconded from parole supervision. The dispatcher also reported that there was an active parole warrant for his arrest. Deputy Ragusano confirmed the warrant, placed defendant in handcuffs, and then searched his tent.

Inside the tent, Deputy Ragusano found: (1) a glass pipe with burn marks, (2) a "loaded syringe" with a liquid substance that tested presumptively positive for methamphetamine; (3) a small glass container with a wet cotton swab inside that tested presumptively positive for methamphetamine, (4) three knives, and (5) a 15-inch billy club. Deputy Ragusano testified there was a usable amount of methamphetamine both in the syringe and on the cotton swab.

Parole Agent Jeffrey Clark testified that on October 5, 2014, defendant was on active parole with search terms, that defendant had absconded from parole in Pasadena, and that a court had issued a parole warrant for his arrest on September 17, 2014.

### PROCEDURAL HISTORY

In October 2014, the prosecution filed a complaint that charged defendant with one felony count of possession of methamphetamine (§ 11377, count 1), with an enhancement allegation that defendant had served two prior prison terms (Pen. Code, § 667.5, subd. (b)). The prosecution also charged defendant with one misdemeanor count of unlawful possession of a billy club (Pen. Code, § 22210, count 2) and one misdemeanor count of possession of an injection or smoking device (§ 11364.1, subd. (a), count 3).

Initially, defendant pleaded not guilty to all counts and denied the enhancement allegation. Defendant then filed a motion to suppress the evidence obtained in the search

of his tent.  The prosecution opposed the motion, arguing that prior to the detention and search, Deputy Ragusano had learned that defendant was a parolee at large and there was a warrant for his arrest.

On November 4, 2014, the court conducted a preliminary hearing.  The court also took evidence and heard argument on the motion to suppress.  At the end of the preliminary hearing, the court held defendant to answer to the charges and denied the motion to suppress.  The parties then stipulated that the complaint would serve as the information and defendant was arraigned on the information.  Defendant pleaded not guilty to all counts and denied the enhancement allegation.

At the preliminary hearing, the court observed that if Proposition 47 passed in the general election that day, then section 11377 would be amended prospectively the following day.  Under a proposed amendment in Proposition 47, a violation of section 11377 would be reduced from a "wobbler"—a crime that is punished alternatively as a felony or a misdemeanor—to a misdemeanor.  The court set the matter, along with three other cases defendant had pending,[1] for a trial setting conference on November 6, 2014, two days after the election.

At the trial setting conference, the parties entered into a negotiated disposition.  Both counsel agreed that in light of the passage of Proposition 47, the felony charged in count 1 (possession of methamphetamine, § 11377) "is now, by operation of law, a misdemeanor."  The court amended the information to reflect "Count 1, as a misdemeanor, pursuant to Proposition 47," and struck the enhancement allegation.

---

[1] The court also set (1) misdemeanor case No. M81505, in which defendant was charged with petty theft (Pen. Code, § 484) at a grocery store, for trial setting; (2) misdemeanor case No. M27331, in which defendant was convicted of domestic violence (Pen. Code, § 273.5), for "probation violation setting," and (3) felony case No. F26937, in which defendant was convicted of possession of controlled substances (§ 11377), for "probation violation setting."

4

Defendant pleaded guilty to count 1. On the prosecution's motion, the court dismissed the misdemeanor charges in counts 2 and 3.

On November 6, 2014, defendant also pleaded guilty in the petty theft case (case No. M81505), and the court found probation violations in the other two cases (case Nos. M27331 and F26937) based on defendant's conviction in this case.

The court suspended imposition of sentence and imposed a 24-month conditional sentence with Proposition 36 probation. As conditions of probation, the court ordered defendant not to camp illegally—which the court stated was part of obeying all laws— and to stay away from the motorcycle shop. The court also ordered defendant not to possess drugs or drug paraphernalia, not to drink alcohol, and to submit to drug and alcohol testing. The court advised defendant that he was subject to search and seizure without a warrant for such items. The court ordered defendant to (1) enroll in and complete an AIDS education awareness program, (2) enter and complete a second course of "Prop 36 treatment," and (3) register as a narcotics offender pursuant to section 11590.

The court also ordered defendant to pay fines and fees totaling $1395 at the rate of $40 per month. The fines and fees included: (1) a $150 restitution fine (Pen. Code, § 1202.4); (2) a $150 probation revocation restitution fine, which the court stayed pending successful completion of probation (Pen. Code, § 1202.44); (3) a $615 drug program fine (§ 11372.7); (4) a $205 lab fee (§ 11372.5); (5) a $205 AIDS fine (§ 11377, subd. (c); Pen. Code, § 1463.23); (6) a $30 court facility fee (Gov. Code, § 70373); and (7) a $40 security fee (Pen. Code, § 1465.8, subd. (a)(1)). The amounts imposed for the drug program fine, the lab fee, and the AIDS fine included penalty assessments.

### DISCUSSION

Defendant's appointed counsel has filed an opening brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, which stated the case and the facts, but raised no specific issues on appeal. We have independently reviewed the entire record pursuant to *Wende*. Based

5

upon that review, we conclude there is no arguable issue on appeal and we will therefore affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
 Rushing, P. J.

_____
 Grover, J.